J-S07014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEX LEROY LOVEJOY, | |
| Appellant | No. 1356 MDA 2014 |

Appeal from the PCRA Order Entered June 16, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003389-2001

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 25, 2015**

Appellant, Alex Leroy Lovejoy, appeals *pro se* from the post-conviction court's June 16, 2014 order denying as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9451-9546. We affirm.

The PCRA court set forth the history of Appellant's case as follows:

> On October 9, 2002, a jury found [A]ppellant guilty of Third-degree Murder, Aggravated Assault, Criminal Conspiracy, and Recklessly Endangering Another Person.  The charges stem[med] from a shooting on August 17, 2001, which resulted in the death of Marques Phelps.  On December 13, 2002, this court sentenced Appellant to an aggregate term of incarceration of not less than twenty-three (23) years nor more than forty-six (46) years in a state correctional institution.  Upon appeal, Appellant's conviction was affirmed by the Superior Court on June 3, 2004.  [***Commonwealth v. Lovejoy***, 858 A.2d 1277 (Pa. Super. 2004) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with our Supreme Court.]

Subsequently, Appellant filed a petition under the … []PCRA[] in 2004 for which counsel was appointed. After an appeal of this [c]ourt's dismissal of the petition without a hearing and remand by the Superior Court for further proceedings, [Appellant's] PCRA petition was dismissed and the dismissal was affirmed by the Superior Court on May 2, 2008. [***Commonwealth v. Lovejoy***, 953 A.2d 833 (Pa. Super. 2008) (unpublished memorandum).] The Pennsylvania Supreme Court denied his petition for allowance of appeal on December 31, 2008. [***Commonwealth v. Lovejoy***, 962 A.2d 1196 (Pa. 2008).]

On April 28, 2014, Appellant filed another [*pro se*] PCRA petition which is the subject of the instant appeal. Upon consideration of Appellant's petition and the Commonwealth's response thereto, and after conducting an independent review of the record, this [c]ourt determined that it is without jurisdiction to consider [] Appellant's claims[,] as they have been untimely presented. Therefore, Appellant's successive PCRA petition was dismissed without a hearing.

PCRA Court Opinion (PCO), 9/5/14, at 1-2.

Appellant filed a timely *pro se* notice of appeal, as well as a timely, court ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant raises the following four issues for our review, which we reproduce verbatim:

I. WHETHER THE PCRA COURT ERRED IN DISMISSING THE PCRA PETITION WITHOUT A HEARING TO DETERMINE WHETHER OR NOT PETITIONER'S CONVICTION WAS OBTAINED SOLELY ON THE PROSECUTOR'S INFRINGEMENT OF PETITIONER'S FIFTH AMENDMENT RIGHT IN WHICH VIOLATED PETITIONER'S DUE PROCESS, THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION, AND PETITIONER'S SIXTH AMENDMENT?

II. WHETHER THE PCRA COURT'S DISMISSAL OF PCRA PETITION VIOLATED THE PETITIONER'S SIXTH AMENDMENT RIGHT, FOURTEENTH AMENDMENT RIGHT AND FIFTH AMENDMENT RIGHT, DEPRIVING PETITIONER OF LIFE AND LIBERTY WITHOUT DUE PROCESS OF LAW?

III. WHETHER THE PCRA COURT ERRED IN DENYING PETITIONER A HEARING WHEN THE IMPOSITION OF SENTENCE GREATER THAN THE LAWFUL MAXIMUM IS IN QUESTION AND WHETHER THE PCRA COURT'S DISMISSAL VIOLATED THE CONSTITUTION OF THIS COMMONWEALTH OR THE CONSTITUTION OF THE UNITED STATES WHICH, IN THE CIRCUMSTANCES OF THE PARTICULAR CASE, SO UNDERMINED THE TRUTH-DETERMINING PROCESS THAT NO RELIABLE ADJUDICATION OF GUILT OR INNOCENCE COULD HAVE TAKEN PLACE?

IV. WHETHER THE PCRA COURT ERRED IN DISMISSING PETITIONER'S PCRA PETITION WITHOUT A HEARING, DENYING THE PETITIONER OF HIS FIFTH AMENDMENT RIGHT NOT TO BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS, HIS FOURTEENTH AMENDMENT RIGHT NOT TO BE DEPRIVED OF LIFE, LIBERTY OR PROPERTY, WITHOUT DUE PROCESS OF LAW: NOR BE DENIED THE EQUAL PROTECTION OF THE LAW?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); ***Commonwealth v.***

*Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on July 3, 2004, at the expiration of the thirty-day period for seeking review with the

Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (directing that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Therefore, Appellant had until July 3, 2005, to file a timely petition. Consequently, his April 28, 2014 *pro se* petition is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in section 9545(b)(1)(i)-(iii).

The arguments Appellant presents in his first three issues can be summarized as follows. First, Appellant contends that his "conviction is unlawful" because, during trial, the prosecutor improperly commented on his Fifth Amendment right to remain silent. Appellant's Brief at 14. Second, Appellant contends that his trial counsel was ineffective for failing "to present impeachment evidence that would have acquitted [Appellant] of this crime." *Id.* at 15. Third, Appellant maintains that his sentence is illegal in several regards.

Initially, Appellant does not attempt to allege, let alone prove, that any of these claims meets one of the above-stated exceptions to the PCRA's timeliness requirement. Moreover, it is apparent that his first claim is waived because it could have been raised on direct appeal. *See* 42 Pa.C.S. § 9543(a)(3) (mandating that, to be eligible for PCRA relief, the petitioner

must prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (directing that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding"). Appellant's second and third issues, involving claims of ineffective assistance of counsel and an illegal sentence, also do not satisfy - in and of themselves - any exception to the PCRA time-bar. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits).

In Appellant's fourth issue, he alleges "[t]he improper obstruction by government officials of [his] right of appeal where a meritorious appealable issues exist[s]…." Appellant's Brief at 24. From what we can ascertain from Appellant's confusing argument, he essentially contends that he, and his prior attorneys, have consistently been denied access to the record and transcripts in this case. Our review of Appellant's *pro se* petition reveals that he did not assert this claim therein. Consequently, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Rainey*,

- 6 -

928 A.2d 215, 226 (Pa. 2007) (holding that claims not raised in the PCRA petition are waived).

However, Appellant also argues in his fourth issue "that the PCRA court has violated [his] constitutional right to due process of law, and equal protection of the laws" by denying Appellant's request for certain documents. Appellant's Brief at 24. Specifically, in his *pro se* PCRA petition, Appellant sought "[a]ny and all legal documents in the [Commonwealth's] possession, such as, all statements that were made before, during and after trial concerning [Appellant's] case…[,] [t]he complete copy of the preliminary hearing transcript, complete copy of the testimonies given at the grand jury [proceeding], and for the production of any and all finger print [*sic*] analysis performed on the bullet casings." PCRA Petition, 4/28/14, at 6.

Essentially, this portion of Appellant's PCRA petition constituted a discovery request. Because we agree with the PCRA court that Appellant's petition is untimely and he has failed to satisfy any exception set forth in section 9545(b)(1)(i)-(iii), the PCRA court lacked jurisdiction to issue a discovery order in this case. *See Commonwealth v. Frey*, 41 A.3d 605, 610 (Pa. Super. 2012) (holding that if a PCRA petition is untimely, the court lacks jurisdiction to issue a discovery order). Nevertheless, we also note that Pennsylvania Rule of Criminal Procedure 902(E)(1) states that "no discovery shall be permitted at any stage of the [PCRA] proceedings, except upon leave of court *after a showing of exceptional circumstances*."

Pa.R.Crim.P. 902(E)(1) (emphasis added). Appellant did not state in his PCRA petition what 'exceptional circumstances' necessitated discovery of the requested documents. Therefore, even if the PCRA court had had jurisdiction to grant Appellant's discovery request, we would conclude that it did not err by declining to do so.

Order affirmed.

Judge Ott joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015